IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Wolf,<br><br>        Plaintiff,<br><br>v.<br><br>SelectQuote Insurance Services Incorporated,<br><br>        Defendant. | No. CV-24-00557-TUC-SHR<br><br>**Scheduling Order** |

The Court has received and reviewed the parties' Joint Case Management Report filed on Thursday, February 6, 2025, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (Doc. 11). The parties conducted a telephonic scheduling conference with Rachel Romaniuk, Law Clerk to the Hon. Scott H. Rash on Monday, February 24, 2025.

Accordingly, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure,

**IT IS ORDERED:**

1. **Deadlines**:
    a. The parties shall exchange **initial disclosures** under Rule 26(a)(1) no later than **Thursday, February 13, 2025**.
    b. The parties are given until **Tuesday, May 13, 2025**, for leave to move to **join additional parties** or to move to **amend pleadings**. Thereafter, the Court will entertain these motions only for good cause under Fed. R. Civ. P. 16.

    c. The parties shall disclose the names of the **expert witnesses** and expert reports to be used at trial pursuant to the provisions of Rule 26(a)(2) and (3) of the Federal Rules of Civil Procedure, on or before **Monday, June 16, 2025**. Moreover, both parties shall disclose **rebuttal experts** and rebuttal expert reports on or before **Monday, June 16, 2025**.

    d. All **discovery**, including final supplementation of discovery responses, answers to interrogatories, production of documents, depositions, and requests for admission, must be completed by **Monday, July 14, 2025**. Plaintiff shall conduct no more than 70 hours of depositions, and Defendants shall conduct no more than 70 hours of depositions.

    e. **Dispositive motions** shall be filed on or before **Wednesday, August 13, 2025**.

    f. Any **motion for class certification** shall be filed on or before **Monday, September 01, 2025**.

    g. Counsel shall submit to the Court a brief **Joint Settlement Status Report** on or before **Friday, September 12, 2025,** and **every 90 days thereafter**.

    h. Counsel shall file a **Joint Proposed Pretrial Order** ("JPPTO") on or before **Monday, October 13, 2025**, unless dispositive motions are filed. If dispositive motions are filed, the JPPTO shall be filed **30 days from the filing date of the Court's order on the dispositive motions**.

2. **Guidelines and Procedures**

    a. **Extensions of time**: Counsel cannot, without the Court's approval, extend the deadlines imposed by the Court. All motions and requests for extension of time shall comply with LRCiv 7.3. All motions and requests for extension of discovery deadlines must include a summary of the discovery conducted to date, the anticipated discovery to be done if the request is granted, and the reasons why discovery has not been completed within the deadline.

b. **Page limits and requests for extension**: All motions, responses and replies must comply with LRCiv 7.2. All requests for page extensions must be filed **at least three (3) calendar days** prior to the filing of the substantive document, must note how many prior extensions have been requested, and must state the position of all parties.

c. **Discovery disputes**: The parties are directed to LRCiv 7.2(j), which prohibits filing discovery motions unless parties have first met to resolve any discovery difficulties. If a discovery dispute arises which cannot be resolved by the parties, counsel shall send an e-mail, with all parties copied, to **rash_chambers@azd.uscourts.gov** with a brief sketch of the issue and each party's position to be reviewed by staff and presented to the Court. The Court will then determine whether a telephonic conference or a motion and/or further briefing is necessary.

d. **Dispositive motions**:

   i. **Generally**: Pursuant to LRCiv 7.2, counsel may file a motion, response, and reply. No other (supplemental) pleading will be considered by the Court, unless a motion to file said pleading is granted by the Court. All pleadings submitted for the Court's review and decision must comply with the filing, time, and form requirements of the Local Rules. *See* LRCiv 12.1, 56.1. Additionally, any pleading which is submitted with more than one exhibit must be accompanied by a Table of Contents. Absent exigent circumstances, the Court will not consider pleadings which do not conform to these requirements.

   ii. **Motions to dismiss**: The parties must comply with LRCiv 12.1(c) with respect to motions to dismiss. *See* LRCiv 12.1(c) ("No motion to dismiss for failure to state a claim or counterclaim, pursuant to Federal Rule of Civil Procedure 12(b)(6), or motion

- 3 -

for judgment on the pleadings on a claim or counterclaim, pursuant to Federal Rule of Civil Procedure 12(c), will be considered or decided unless the moving party includes a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party.  The movant may comply with this rule through personal, telephonic, or written notice of the issues that it intends to assert in a motion. A motion that does not contain the required certification may be stricken summarily.").  If any Defendant files a motion to dismiss under Rule 12(b)(6) or 12(c) and if Plaintiff contends any further amendment of the Complaint can cure any alleged deficiency, Plaintiff must submit, no later than the time Plaintiff files a response to a motion to dismiss, a proposed amended complaint containing all further allegations Plaintiff could make.  In the event a motion to dismiss is granted in any part, no leave will be granted to amend the Complaint beyond what is offered in that proposed amended complaint.

iii. **Motions for summary judgment**: A motion for summary judgment must comply with LRCiv 56.1.  In addition, any fact in a statement of facts or controverting statement of facts must be in the motion for summary judgment or response.  Extraneous facts not discussed or referenced in the motion for summary judgment/response should not appear in the statement of facts or controverting statement of facts.  Each fact in a statement of facts or controverting statement of facts must include a specific pin cite to the admissible portion of the record where the fact finds support.

Generalized cites to a deposition or exhibit are not acceptable. The Court will rely solely upon the attached evidence to verify facts asserted in the motion, response, or reply as identified by a pin cite. Exhibits attached to the statement of facts/controverting statement of facts shall include only relevant excerpts rather than full documents. No evidence may be submitted with a reply.

    iv. **Only one motion to dismiss and one motion for summary judgment per party**: A party filing a dispositive motion shall file only one dispositive motion which incorporates all relevant arguments. The dispositive motion shall be limited to 17 pages as required by LRCiv 7.2(e); responses are limited to 17 pages and replies are limited to 11 pages. *See* LRCiv 7.2(e). The parties are prohibited from simultaneously filing multiple dispositive motions directed at separate counts or issues in a case. While it is proper to file one motion to dismiss early in the litigation and one motion for summary judgment after discovery has been completed, it is not proper to simultaneously file multiple motions to dismiss or multiple motions for summary judgment directed to separate counts or issues. The parties should raise all their arguments for dismissal in one motion to dismiss as early as possible in the case and raise all of their arguments for dismissal in one motion for summary judgment after discovery has closed. If necessary, the parties may seek leave to exceed page limits to include all their arguments in one motion to dismiss or one motion for summary judgment so long as they comply with paragraph 2 of this Order.

e. **Settlement conference**: If the parties wish to have this matter referred to a Magistrate Judge for a settlement conference, counsel can either call, email, or file a Motion for Settlement Conference.

 f. **JPPTO**: The contents of the JPPTO shall include, but are not limited to, the information in the attached template. The Court *typically* uses the deadlines in the template, but these deadlines may change depending on the nature of the case.

 g. **Pretrial Conference:** A Pretrial Conference will be set upon the filing of the JPPTO. At the Pretrial Conference, the Court will set a trial date, Final Pretrial Conference date, and confirm other deadlines in the case.

 h. **Emailing motions and proposed orders**: All motions that are non-dispositive must have a proposed order attached in accordance with Local Rule 7.1(b)(2)–(3). **A copy of the motion must be emailed in Microsoft Word (.doc or .docx) format to Chambers at: rash_chambers@azd.uscourts.gov**, pursuant to the Electronic Administrative Policies and Procedures Manual § II(G).

 i. **Courtesy copies**: Notwithstanding the provisions of the "Policy on Courtesy Copies for Chambers" in Section II(D)(3) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, in the interest of judicial economy and preventing further unnecessary expenditures by the parties, the parties in this case shall not submit paper courtesy copies of electronically filed documents or exhibits (e.g., maps or parcel descriptions) to chambers unless specifically ordered by the Court to do so. If hard copies are ordered by the Court, such copies must be **printed directly from ECF**.

 j. **Admonition**: The parties are specifically advised that pursuant to LRCiv 7.2(i), "[i]f a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a

consent to the denial or granting of the motion and the Court may dispose of the motion summarily." In addition, willful failure to comply with any of the terms of this order may result in dismissal of this action without further notice to the plaintiff or sanctions upon the defendants. Fed. R. Civ. P. 16(f)(1)(C) & 37(b)(2).

k. **Notice to Court Reporter**: In order to facilitate the creation of an accurate record, the parties must file a "Notice to Court Reporter" **five (5) business days** before an oral argument or trial. The Notice must be emailed to Anni_Bryan@azd.uscourts.gov. The Notice must contain the following information:

   i. Proper names, including those of witnesses;
   ii. Acronyms;
   iii. Geographic locations;
   iv. Technical (including medical) terms, names, or jargon;
   v. Case names and citations; and
   vi. Pronunciation of unusual or difficult words or names.

Dated this 24th day of February, 2025.

*Honorable Scott H. Rash*
*United States District Judge*

- 7 -

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

|  |  |
|---|---|
| , <br>           Plaintiff, <br> v. <br> , <br>           Defendant. | No. CV-XXX-XXXXX-TUC-SHR <br><br> **[Joint Proposed Pretrial Order]** |

Pursuant to the Scheduling Order previously entered, the following Joint Proposed Pretrial Order reflects the agreement of the parties regarding pretrial proceedings:

**I.    IDENTIFICATION OF PARTIES AND COUNSEL**

**II.   NATURE OF ACTION**

Provide a concise statement of the type of the case, including the cause of action and the relief sought.  This will be used in the juror questionnaire (if one is used) and/or read to the jury at the beginning of voir dire.

**III.  STATEMENT OF JURISDICTION**

State the claims and cite the statutes which give this Court jurisdiction over each claim.

**IV.   CONTENTIONS OF THE PARTIES**

With respect to each count of the complaint, counterclaim, or cross-claim, and to any defense, affirmative defense, or the rebuttal or a presumption where the burden of proof has shifted, the party having the burden of proof shall list the elements or standards that must be proven in order for the party to prevail on that

claim or defense.

(E.g.: In order to prevail on this products liability case, the plaintiff must prove the following elements . . . .)

(E.g.: In order to defeat this products liability claim based on the statute of repose, the defendant must prove the following elements . . . .)

## V. STIPULATIONS AND UNCONTESTED FACTS

Identify any stipulations reached between the parties and any facts that are uncontested.

## VI. CONTESTED ISSUES OF FACT

List issues of fact to be tried and determined upon trial. Each issue of fact must be stated separately and in specific terms, followed by the parties' contentions as to each issue. E.g.:

Issue:

Plaintiff(s) contends:

Defendant(s) contends:

## VII. CONTESTED ISSUES OF LAW

The following are issues of law to be tried and determined upon trial. Each issue of law must be stated concisely, separately and in specific terms, followed by the parties' contentions as to each issue. E.g.:

Issue:

Plaintiff(s) contends:

Defendant(s) contends:

## VIII. PENDING MOTIONS

State all motions that remain pending on the docket as of the date of the proposed order.

## IX. UPCOMING MOTIONS

State all motions that the parties anticipate filing before trial.

**X.   LIST OF WITNESSES**

Each party shall provide a list of witnesses intended to be called at trial. As to each witness, identify whether he or she is a fact or expert witness and include a brief statement of the expected testimony of any expert witness.

**XI.  LIST OF EXHIBITS**

Each party shall provide a list of numbered exhibits intended to be used at trial. As to each exhibit, the party shall include a description containing sufficient information to identify and distinguish the exhibit. Further, a statement of either UNCONTESTED or CONTESTED shall follow each listed exhibit. If contested, a brief statement of the objection by the opposing party shall also follow the listed exhibit.

(e.g. - 1. Laboratory Report from the Clinical Immunology Diagnostic Laboratory dated 6/15/14. CONTESTED by ***- Relevance, foundation and hearsay.)

**XII. LIST OF DEPOSITIONS**

Each party must list portions of depositions it intends to read at trial and must include the page and line number(s). A statement of either UNCONTESTED or CONTESTED shall follow every identified portion of each listed deposition. If contested, a brief statement of the objection by the opposing party shall follow the listed portion of the deposition to be offered.

**XIII. JURY TRIAL DEADLINES**

Unless otherwise ordered by the Court,[1]

1. Motions in limine shall be filed no later than 45 days before trial. Responses to motions in limine shall be filed with the Court and served upon each party no later than fourteen (14) days thereafter. Under LRCiv 7.2(l), no replies shall be permitted unless the Court states otherwise. Each party may file no

---

[1] If the parties wish to request different deadlines from the Court's typical deadlines, the parties may propose other deadlines and explain the basis for the deviation in this section of the Joint Proposed Pretrial Order. The Court will address these concerns and issue deadlines at a pretrial conference.

- 3 -

more than five motions in limine. Each motion in limine must include proposed language for the order being sought from the Court, and the proposed language must state with precision the evidence that is subject to the proposed order and the limitation or exclusion placed on the evidence. The motions and responses must be concise and must not exceed five (5) pages in length. Counsel shall be prepared to argue the merits of such motions at the Final Pretrial Conference.

2. Proposed jury instructions shall be filed 30 days before trial. This includes: one joint set of stipulated preliminary instructions, one joint set of stipulated mid-trial (if any) instructions, one joint set of stipulated final instructions, and one joint set of opposed instructions.

3. Proposed jury verdict forms, proposed questions for voir dire, final witness lists, and final exhibits lists shall also be filed 30 days before trial.

### XIV. PROBABLE LENGTH OF TRIAL

Each party shall identify the estimated length of time it will take to present its case.

### XV. ADDITIONAL INFORMATION THAT MAY BE HELPFUL TO THE COURT

Any other information that may be helpful to the Court.

### XVI. CERTIFICATION

Undersigned counsel for each of the parties in this action do hereby approve and certify:

1. All discovery has been completed.
2. The identity of each witness has been disclosed to opposing counsel.
3. Each exhibit listed herein: (a) is in existence; (b) is numbered; and (c) has been disclosed and shown to opposing counsel.
4. All other form and content of this Joint Proposed Pretrial Order.

- 4 -

**XVII. ADOPTION**

The Court may adopt this Joint Proposed Pretrial Order at a subsequent hearing. Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order the Court may, in order to prevent manifest injustice or for good cause shown, at the trial or prior thereto upon application of counsel for either party, made in good faith, or upon the motion of the Court, modify the Jury Trial Scheduling Order upon such conditions as the Court may deem just and proper. The parties are advised the Court will not allow the parties to offer any exhibit, witness, or other evidence that was not disclosed in accordance with the Scheduling Order and the Federal Rules of Civil Procedure and listed in the Joint Proposed Final Pretrial Order, except to prevent manifest injustice.

_____        _____
Attorney for Plaintiff                    Attorney for Defendant